UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BYRON ELROY CRUTCHER, | ) | |
| | ) | |
| Petitioner, | ) | 2:10-cv-00474-KJD-RJJ |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BRIAN WILLIAMS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

Before the Court is respondents' motion to dismiss the petition for writ of habeas corpus filed by petitioner, Byron Crutcher, a prisoner at Southern Desert Correctional Center. Petitioner has responded to the motion and there has been no reply. The matter is ready for review and decision.

**I.   Procedural History**

On January 23, 1997, petitioner was convicted on a guilty plea on one count of Robbery, Victim 65 Years of Age or Older. Exhibit 1.[1] Petitioner was sentenced under the habitual criminal statute and given a prison term of ten years to life, with the sentence to run concurrent with two other criminal sentences. *Id.*

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their motion to dismiss the petition for writ of habeas corpus, and are located in the record at docket #6.

1       On September 12, 2006, petitioner was denied parole by the Board of Parole Commissioners (Commissioners). Exhibit 2. His next review was held over for two years. *Id.* On October 29, 2008, petitioner was again denied parole by the Commissioners with his next review date set out for three years. Exhibit 3. He was not present at the 2008 parole hearing. *Id.*

        Petitioner then filed a state post-conviction petition for writ of habeas corpus raising three claims related to the denial of his parole application. Exhibit 4. He alleged denial of his due process rights, claiming the Commissioners acted arbitrarily and capriciously in denying his parole. He further argued denial of parole without his presence at the hearing was unreasonable and violated due process. Petitioner claimed a substantive due process right in the Commissioners' compliance with the legislative intent to require application of objective criteria in making parole decisions. *Id.*

        In his second state claim, petitioner argued his right to equal protection was violated when he was denied the opportunity to appear before the Commissioners in 2008. The claim was based on petitioner's status as a life sentence inmate, which, he contended, made the arbitrary parole denial without the ability to appear more egregious than in the case where non-life inmates were not allowed to appear.

        His third state claim alleged that white and Latino inmates received parole more often than black inmates. He based this claim on an informal survey he took at the Southern Desert Correctional Center.

        The petition was denied by the state district court and affirmed on appeal. Exhibits 10 and 12. The Nevada Supreme Court based its decision on the fact that petitioner had no right to parole or to be present for his parole hearing in 2008 based upon Nevada law. The court further determined petitioner had made no showing that race played a role in the Commissioners' decision. Exhibit 12.

**II. Discussion**

Petitioner filed his federal petition for habeas corpus pursuant to 28 U.S.C. § 2254 on April 6, 2010. He raises three grounds for relief echoing the claims set forth in his state petition. Respondents move to dismiss the petition arguing that grounds one and two are based on the state courts' interpretation of state law and raise no cognizable federal habeas claims and that ground three is not supported by specific facts.

Grounds 1 and 2

In these grounds, petitioner claims denial of his rights to substantive and procedural due process and to equal protection as guaranteed by the Fourteenth Amendment when he was denied parole in 2006 and again in 2008 at which time he was not permitted to appear on his own behalf. Respondents argue that because the Nevada Supreme Court's decision on appeal relied solely on Nevada state law, this Court lacks subject matter jurisdiction.

Although a state court's interpretation of state law is not generally a matter for federal habeas review, *see Carriger v. Stewart,* 95 F.3d 755, 762 (9th Cir. 1996)(overruled on other grounds, 132 F.3d 463 (9th Cir.1997), if the state court's decision violates due process, then federal habeas review is available. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Hartman v. Summers,* 120 F.3d 157, 161 (9th Cir. 1997), *cf. Kennick v. Superior Court*, 736 F.2d 1277, 1280 (9th Cir.1984) (mistake of state law does not constitute due process violation absent arbitrary or discriminatory action). Due process rights are implicated only if a fundamental liberty or property interest is at stake. Nevada Revised Statutes (NRS) governing the parole commission and the issue of parole recognize that a grant of parole is an act of grace subject to the discretion of the Board of Parole Commissioners. *See* NRS 213.10705.[2] Because a prisoner has no constitutional or inherent right to

---

[2] Petitioner acknowledges this fact in his petition and in his opposition to the motion to dismiss.

1 parole under Nevada law, petitioner's claims of due process violations are invalid. *Weaver v. Maass*,
2 53 F.3d 956, 960 (9th Cir. 1995), citing *Bergen v. Spaulding*, 881 F.2d 719, 721 (9th Cir. 1989).

3 Petitioner's claims that he was denied equal protection in the parole review because
4 he was denied the right to attend his 2008 parole hearing while other "similarly situated" inmates
5 were allowed to attend also fails. Again, Nevada law in effect in 2008 allowed the Commissioners
6 to conduct hearings without the presence of the applicant.[3] No liberty interest is implicated here.

7 Grounds 1 and 2 must be dismissed for failure to raise a federal constitutional claim.

<u>Ground 3</u>

9 In this ground for relief, petitioner claims he was denied equal protection as
10 guaranteed by the Fourteenth Amendment because of a purported racial disparity in the grant of
11 parole. He bases the claim on an informal survey he conducted. The claim was denied by the
12 Nevada Supreme Court because petitioner failed to demonstrate that race played any role in his
13 parole decision. Respondents argue that petitioner has failed to provide sufficient specific facts, such
14 as identifying who among the Commissioners acted discriminatorily and who among the white and
15 Latino inmates were granted parole where black inmates were not.

16 Conclusory allegations not supported by a statement of specific facts do not warrant
17 habeas corpus relief. *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995), *cert. denied*, 517 U.S. 1143
18 (1996). Particularized facts which entitle the petitioner to habeas corpus relief must be presented for
19 each ground. These facts must consist of sufficient detail to enable the court to determine, from the
20 face of the petition alone, whether the petition merits further habeas corpus review. *Adams v.*
21 *Armontrout,* 897 F.2d 332, 334 (8th Cir. 1990). Ground three of the petition shall be dismissed as
22 conclusory.

---

[3] *See* 2008 Nev. Stat. 24th Special Session, ch.6 §2, at 7 (suspending the right to be present at a parole hearing until June 30, 2009.)

### III. Request for Counsel and Evidentiary Hearing

In his response to the motion to dismiss, petitioner also requests the court to appoint counsel and conduct an evidentiary hearing. These requests shall be denied.

In *Williams v. Taylor*, 529 U.S. 420, 437-40 (2000), the Supreme Court held that a petitioner is barred from having an evidentiary hearing under § 2254(e)(2) when petitioner did not exercise diligence in developing the facts in the relevant state court proceedings and petitioner has not shown, by clear and convincing evidence, that no reasonable fact finder would have found petitioner guilty of the underlying crime but for the alleged constitutional error. Petitioner has not raised viable federal grounds for relief. He has not claimed ,and certainly has not shown by clear and convincing evidence, that he would have been granted parole absent the alleged discriminatory attitudes of the Nevada Parole Commissioners. Thus, he is not entitled to an evidentiary hearing.

Because the petition is being dismissed by this Order no appointment of counsel is warranted.

### IV. Certificate of Appealability

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

1	Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing
2 Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in
3 the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a
4 notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has
5 considered the issues raised by petitioner, with respect to whether they satisfy the standard for
6 issuance of a certificate of appealability, and determines that none meet that standard.  The Court
7 will therefore deny petitioner a certificate of appealability.

8	**IT IS THEREFORE ORDERED** that the Motion to Dismiss (docket #5) is **GRANTED**.

9	**IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue.  The Clerk
10 shall enter judgment accordingly.

11	DATED: October 27, 2010

	_____
	UNITED STATES DISTRICT JUDGE